UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.  3:19-986-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| MALIK AL-SHABAZZ ) | |
| _____ ) | |

This matter is before the court upon the defendant's *pro se* motion pursuant to the First Step Act of 2018 (FSA) and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1504). The defendant asserts that the Bureau of Prisons (BOP) has not properly applied his earned FSA time credits. As a result, the defendant claims that he has already completed his sentence and should be released.[1] The government has responded in opposition and the defendant has replied thereto.

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18

---

[1] According to the Federal Inmate Locator on the Federal Bureau of Prisons website (https://www.bop.gov/inmateloc/, accessed September 4, 2024), the defendant was released on August 7, 2024.

U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In its opposition memorandum, the government asserts, and this court agrees, that a motion for compassionate release is not the proper vehicle for Al-Shabazz to bring his claim. Instead, the defendant's claim belongs in a petition for a writ of habeas corpus under § 2241, "the general habeas corpus statute." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *see United States v. Vance*, 563 F. App'x 277, 278 (4th Cir. 2014) (holding that "[a] prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241"). Moreover, the defendant cannot use § 3582(c)(1)(A) to sidestep § 2241. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

For the foregoing reasons, the defendant's motion (ECF No. 1504) is dismissed without prejudice.

The defendant's motions for an emergency hearing (ECF No. 1534) and for appointment of counsel (ECF No. 1533) are dismissed as well.

IT IS SO ORDERED.

September 4, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge